INTERNATIONAL UNION, UNITED MINE
WORKERS OF AMERICA, et al. v. NA-
TIONAL LABOR RELATIONS BOARD.

No. 10302.

United States Court of Appeals
District of Columbia Circuit.

Argued May 16, 1950.

Decided July 17, 1950.

Messrs. Welly K. Hopkins, Harrison
Combs, Willard P. Owens, all of Washing-
ton, D. C., T. C. Townsend and M. E.
Boiarsky, Charleston, W.Va., were on the
brief for petitioners.

Miss Fannie M. Boyls, Attorney, Nation-
al Labor Relations Board, of the Bar of
the Supreme Court of Texas, *pro hac vice,*
by special leave of Court, with whom Mr.
A. Norman Somers, Assistant General
Counsel, National Labor Relations Board,
was on the brief, for respondent.

Before WILBUR K. MILLER, PRET-
TYMAN and PROCTOR, Circuit Judges.

PER CURIAM.

Upon charges of certain companies oper-
ating "captive" bituminous coal mines, re-
spondent Board found as an unfair labor
practice that petitioners, without complying
with the statutory authorization procedure [1]

1. Section 8(a) (3), 29 U.S.C.A. § 158(a)
(3).
   "(a) It shall be an unfair labor prac-
tice for an employer—

       * * *
   "(3) by discrimination in regard to hire
or tenure of employment or any term
or condition of employment to encourage

and in violation of Section 8(b) (2) of the Labor Management Relations Act, 1947,[2] attempted to cause and did cause said companies to execute an agreement containing an invalid union-shop provision, resulting in discrimination against said companies' employees within the meaning of Section 8(a) (3) of the Act, and in so doing did resort to strike action to support their demand. Accordingly, on May 27, 1949, the Board issued a cease and desist order designed to terminate the unfair labor practice, including the enforcement and effectiveness of the union-shop clause in the existing contract with said companies.

▮ At the hearing before us, petitioners submitted the case upon their brief without appearance or argument by counsel. Among their contentions it is urged that Section 8(b) (2) is limited to discrimination against a *specified* employee or group; that an election under Section 9 (e) (1) [3] was unnecessary as the mine em-

ployees had otherwise approved the union-shop agreement; that the Board's finding of resort to strike action in support of demand for the union-shop provision was not supported by the evidence; and that the Board's order violated constitutional rights guaranteed by the First, Fifth and Thirteenth Amendments.

These and other contentions were resolved against the petitioners by the Board. We agree with its conclusions. Reference is made to the Board's decision and order reported in Volume 83 at page 916 of the Decisions and Orders of the National Labor Relations Board. See also National Labor Relations Board v. National Maritime Union, 2 Cir., 1949, 175 F.2d 686 certiorari denied, 1950, 338 U.S. 954, 70 S.Ct. 492.

The order of the Board will be enforced except as to paragraph (d) thereof relating to the contract of June 25, 1948, which expired June 30, 1949.

---

or discourage membership in any labor organization: Provided, That nothing in this subchapter, or in any other statute of the United States, shall preclude an employer from making an agreement with a labor organization (not established, maintained, or assisted by any action defined in section 158(a) of this title as an unfair labor practice) to require as a condition of employment membership therein on or after the thirtieth day following the beginning of such employment or the effective date of such agreement, whichever is the later, * * * if, following the most recent election held as provided in section 159(e) of this title the Board shall have certified that at least a majority of the employees eligible to vote in such election have voted to authorize such labor organization to make such an agreement * * *."

2. Section 8(b) (2), 29 U.S.C.A. § 158(b) (2).
   "(b) It shall be an unfair labor practice for a labor organization or its agents—
   * * *
   "(2) to cause or attempt to cause an employer to discriminate against an

employee in violation of subsection (a) (3) of this section or to discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership * *."

3. Section 9(e) (1), 29 U.S.C.A. § 159(e) (1).
   "(e) (1) Upon the filing with the Board by a labor organization, which is the representative of employees as provided in subsection (a) of this section, of a petition alleging that 30 per centum or more of the employees within a unit claimed to be appropriate for such purposes desire to authorize such labor organization to make an agreement with the employer of such employees requiring membership in such labor organization as a condition of employment in such unit, upon an appropriate showing thereof the Board shall, if no question of representation exists, take a secret ballot of such employees, and shall certify the results thereof to such labor organization and to the employer."